IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Len Salas, | ) | Case No. 3:18-bk-02662 |
| | ) | Chapter 7 |
|     Debtor. | ) | Judge Harrison |
| _____ | ) | |
| | ) | |
| Nicolaas Brekelmans and Gail Gregory | ) | |
| Brekelmans, Co-Personal Representatives | ) | |
| of the Estate of Nina Brekelmans | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Michael McLoughlin and Martha | ) | |
| Johnson, Co-Personal Representatives | ) | |
| of the Estate of Michael Patrick | ) | |
| McLoughlin, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Ad Pro No. 3:20-ap-90027 |
| | ) | |
| Max Salas, | ) | |
| | ) | |
|     Defendant. | ) | |

## DEFENDANT'S MEMORADUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING

COMES NOW Defendant Max Salas (the "Defendant"), by and through counsel, and respectfully submits this memorandum in support of his Motion to Dismiss Adversary Proceeding (the "Motion") with respect to the *Complaint to Avoid Transfers and Recover Property* (the "Complaint") filed by Plaintiffs Nicolaas Breklmans and Gail Gregory Brekelmans, Co-Personal Representatives of the Estate of Nina Brekelmans, and Michael

McLoughlin and Martha Johnson, Co-Personal Representatives of the Estate of Michael Patrick McLoughlin (the "Plaintiffs"). In support thereof, the Defendant states as follows:

This Complaint is due to be dismissed because the Plaintiffs lack standing, and have failed to state a claim upon which relief can be granted for any of their seven (7) claims. More specifically, Plaintiff's Complaint seeks relief that can only be granted to a bankruptcy trustee, not an assignee of the trustee, and each of their claims is time barred by the applicable statute of limitations.

BACKGROUND

This case arises out of a set of circumstances that everyone involved concedes is tragic and devastatingly sad. In April 2018, the Plaintiffs obtained judgments (collectively, the "Judgment") totaling $15.2 million in the District of Columbia against the Defendant and the Debtor, Len Salas (the "Debtor"). Complaint ¶ 9. The Judgment was on account of a fire at a residence located at 1610 Riggs Place, NW, Washington, DC (the "Property"), owned by the Defendant, previously owned by the Debtor, and in which decedents Nina Brekelmans and Michael Patrick McLoughlin were renting rooms. Id. Ms. Brekelmans and Mr. McLoughlin tragically lost their lives in the fire at the Property, and the D.C. court found the Defendant and the Debtor jointly and severally liable for negligence associated with their deaths. Id. Both the Defendant and the Debtor appealed the Judgment; however, pursuant to the terms of a confirmed chapter 11 plan of reorganization filed in the Defendant's D.C. bankruptcy case, the Defendant is in the process of withdrawing his appeal. Complaint ¶ 10.

There is a very complex dispute regarding who is the rightful owner of the Property, the Defendant or the Debtor. Most of those arguments are irrelevant to this Motion, but a

few facts are cogent. It is undisputed that the Debtor, Len Salas, was the record owner of the Property from 2007 until July 2010. Complaint ¶¶ 12, 21-22. In July 2010, the Debtor, Len Salas, executed a quitclaim deed (the "2010 Quitclaim") by which he transferred his interest in the Property to a trust (the "Trust") formed by the Defendant, Max Salas. Complaint ¶ 22. On September 25, 2018, the D.C. Bankruptcy Court, in the context of the Defendant's chapter 11 case, ruled that the Property belonged to the Defendant by virtue of the 2010 Quitclaim and that he was entitled to claim D.C.'s unlimited homestead exemption in the Property. Complaint ¶¶ 36; 38.

Pursuant to an order of this Court dated June 12, 2019 (the "Sale Order"), Trustee Michael Gigandet was authorized to sell this estate's interest in "all potential avoidance actions against Max Salas and/or his bankruptcy estate under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 553" as related to the Property (the "Avoidance Actions"). Bankruptcy Doc. 179. On July 23, 2019, Trustee Gigandet conducted an auction of the Avoidance Actions, at which auction the Plaintiffs were deemed the highest and best bidders. Bankruptcy Doc. 191. On August 14, 2019, Trustee Gigandet filed a Trustee's Report of Sale, in which he conveyed all of the estate's interest in the Avoidance Actions to the Plaintiffs in exchange for $156,000. Id. Notably, Trustee Gigandet did not provide any representations or warranties concerning the validity of the Avoidance Actions or whether the Plaintiffs were entitled to seek relief pursuant to the Avoidance Actions. Id.

On March 2, 2020, the Plaintiffs filed their Complaint against the Defendant in this Court, seeking to avoid the July 2010 conveyance of the Property from the Debtor to the Defendant under seven (7) different theories: (Count I) the Trustee's avoidance powers based upon the bona fide purchaser status conferred by 11 U.S.C. § 544(a)(3); (Count II)

the Trustee's avoidance powers based upon the hypothetical judgment lien holder status conferred by 11 U.S.C. § 544(a)(1); (Count III) the Trustee's avoidance powers based upon the hypothetical judgment creditor execution status conferred by 11 U.S.C. § 544(a)(2); (Count IV) the Trustee's fraudulent transfer avoidance rights pursuant to 11 U.S.C. § 548(a); (Count V) the Trustee's state court fraudulent transfer avoidance rights pursuant to 11 U.S.C. § 544(b)(1); (Count VI) the Trustee's post-petition transaction avoidance rights pursuant to 11 U.S.C. § 549; and (Count VII) the Trustee's recovery rights pursuant to 11 U.S.C. § 550. AP Doc. 1.

As a matter of law, this Court lacks subject matter jurisdiction over the issues raised in the Complaint and none of the facts alleged in the Complaint raise any claim for which relief may be granted; therefore, the Complaint should be dismissed with prejudice. More specifically, the Plaintiffs have no standing to pursue any of the seven (7) causes of action alleged in the Complaint, as such standing belongs exclusively to the Trustee and cannot be conferred upon or transferred to a third party. Moreover, even if the Plaintiffs did have standing to pursue these causes of action, they are barred by the applicable statutes of limitations, as the alleged transfer of the Property occurred nearly ten (10) years ago.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b), made applicable to this matter by Rule 7012 of the Federal Rules of Bankruptcy Procedure, permits the dismissal of a complaint if the Court lacks subject-matter jurisdiction (Rule 12(b)(1)) or for "failure to state a claim upon which relief can be granted" (Rule 12(b)(6)). In considering a motion to dismiss, all of the well-pleaded factual allegations in a plaintiff's complaint must be accepted as true and construed in the light most favorable to the plaintiff. *LULAC v. Bredesen*, 500 F.3d 523,

527 (6th Cir. 2007). However, "[t]he standard of review 'requires more than the bare assertion of legal conclusions.' And, this Court 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001)(citations omitted).

More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC*, 500 F.3D at 527. A complaint must demonstrate that the plaintiff is the proper party to pursue the cause of action; a court may dismiss a complaint under Rule 12(b)(1) or 12(b)(6) if the plaintiff lacks standing. *B&V Distributing Co., Inc. v. Dottore Cos., Inc.,* 278 Fed. Appx. 480, 488 (6th Cir. 2008); *In re Morris*, 2010 Bankr. LEXIS 3760, *10 (Bankr. M.D. Tenn. 2010). Moreover, a motion to dismiss "filed pursuant to 'Rule 12(b)(6) will be granted if . . . the claim shows on its face that relief is barred by an affirmative defense.'" *Tomlin v. Bank of N.Y. Mellon*, 2016 Bankr. LEXIS 2368, *5 (Bankr. E.D. Ky. 2016). "[A]lthough the statute of limitations and res judicata are affirmative defenses, '[i]n an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim.'" *Id* at *5-6 (quoting *Hudson v. Genesee Intermediate Sch. Dist.,* 2015 U.S. Dist. LEXIS 1799 (E.D. Mich. 2015) and *Banco Santander De Puerto Rico v. Lopez-Stubbe,* 324 F.3d 12, 16 (1st Cir. 2003)).

ARGUMENT

The Complaint against the Defendants should be dismissed because this Court lacks subject matter jurisdiction over its allegations, and because it fails to meet the pleading standards of Rule 12(b)(6). The Plaintiffs lack standing to pursue this Complaint and none of the claims alleged against the Defendants properly state a claim upon which relief may be granted, due to the statute of limitations.

**A. THE PLAINTIFFS LACK STANDING TO PURSUE ANY CAUSE OF ACTION ALLEGED IN THE COMPLAINT.**

The Plaintiffs have no standing to allege any of the seven (7) causes of action against the Defendant included in the Complaint. Those causes of action belong exclusively to the bankruptcy trustee and, pursuant to well-established law from courts within the Sixth Circuit, they cannot be assigned to third parties. As such, the Complaint must be dismissed in its entirety.

A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In addition to the interests that the debtor owns as of the petition date, the filing of a petition in bankruptcy conveys some additional powers and causes of action to the bankruptcy trustee immediately upon filing. These unique causes of action are found in the latter parts of Chapter 5 of the Bankruptcy Code, beginning with 11 U.S.C. § 542 and continuing through 11 U.S.C. § 550. These causes of action grant to the bankruptcy trustee extraordinary powers to avoid certain transfers and to force the turnover of certain assets. The purpose of these statutorily-created powers is to "enable [trustees] to recover property on behalf of the bankruptcy estate." *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000). These causes of action do not, however, belong to the debtor; they are granted *exclusively* to the

Trustee. "The use of this authorization for the benefit of creditors is at the heart of the avoiding powers." *Id* at 244.

On their very face, the Chapter 5 avoidance statutes grant authority only to a trustee:

- 11 U.S.C. § 542 (turnover powers) – "[A]n entity . . . shall deliver **to the trustee**, and account for, such property or the value of such property. . . ."

- 11 U.S.C. § 543(b)(1) (turnover powers as to custodians) – "A custodian shall deliver **to the trustee** any property of the debtor held by or transferred to such custodian. . . ."

- 11 U.S.C. § 544(a) (trustee's avoidance rights as lien creditor) – "**The trustee shall have**, as of the commencement of a case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien . . . ; (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, an execution against the debtor. . . ; (3) a bona fide purchaser of real property. . . ."

- 11 U.S.C. § 544(b) (trustee's avoidance rights as creditor) – "**[T]he trustee may avoid** any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim. . . ."

- 11 U.S.C. § 545 (statutory lien avoidance) – "**The trustee may avoid** the fixing of a statutory lien . . . ."

- 11 U.S.C. § 547 (preferential transfer avoidance) –"**[T]he trustee may avoid** any transfer of an interest of the debtor in property. . . ."

- 11 U.S.C. § 548 (fraudulent transfer avoidance) –"**[T]he trustee may avoid** any transfer . . . of an interest of the debtor in property. . . ."

- 11 U.S.C. § 549 (post-petition transfer avoidance) – "**[T]he trustee may avoid** any transfer of property of the estate. . . ."

- 11 U.S.C. § 550 (recovery of avoided transfers) – "**[T]he trustee may recover,** for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property. . . ."

Thus, on the clear face of the statutes, these extraordinary avoidance powers are not conveyed to the debtor, the estate, or the estate's creditors; rather, only the *trustee* is entrusted with these powers.

The question that arises in this case is whether the trustee may sell, convey, or assign these avoidance powers to a third party, to pursue for its own benefit? Consistent with the plain language of the statutes, many courts have found that these powers belong only to the bankruptcy trustee for the benefit of all creditors, and that they may not be sold, conveyed or transferred to a third party. *See, e.g., Miller v. Stone (In re Waterford Funding, LLC)*, 2017 WL 439308, *3 (Bankr. D. Utah 2017) (holding that a bankruptcy trustee was "legally precluded from" assigning claims arising under 11 U.S.C. §§ 544(b) and 548); *In re Boyer*, 372 B.R. 102, 105 (D. Conn. 2007) ("The sale or assignment of avoidance claims to an objecting creditor is not permitted if the creditor intends to pursue the claims on its

own behalf."); *In re Carragher*, 249 B.R. 817, 820 (Bankr. N.D. Ga. 2000) ("Absent extraordinary circumstances, a trustee is prohibited from selling, transferring, or assigning the right to assert or maintain an estate's avoidance action to an individual creditor."); *In re Metal Brokers Int'l, Inc.*, 225 B.R. 920, 923 (Bankr. E.D. Wis. 1998) (holding that a trustee could not assign preference and fraudulent transfer actions to a third party); *In re Vogel Van & Storage, Inc.*, 210 B.R. 27, 32 (N.D.N.Y. 1997) ("it is a well-settled principle that neither a trustee in bankruptcy, nor a debtor-in-possession, can assign, sell, or otherwise transfer the right to maintain a suit to avoid a preference").

The Defendant acknowledges that some courts in other circuits have held otherwise. *See, e.g., In re Moore*, 608 F.3d 253, 261 (5th Cir. 2010) (holding that a trustee may transfer claims under 11 U.S.C. § 544(b)); *In re P.R.TC., Inc.,* 177 F.3d 774, 781-82 (9th Cir. 1999) (holding that a trustee may transfer avoidance actions). However, while the Sixth Circuit Court of Appeals has not weighed in on the issue, the only courts from within the Sixth Circuit to have addressed this question have held that trustees may not transfer avoidance actions arising under Chapter 5 of the Bankruptcy Code. *See, e.g., In re Clements Mfg. Liquidation Co., LLC*, 558 B.R. 187, 189 (Bankr. E.D. Mich. 2016) ("The Court therefore holds that the Chapter 7 Trustee in this case may not assign any of the avoidance actions/powers as he seeks to do in the proposed settlement."); In *re Dinoto*, 562 B.R. 679, 682 (Bankr. E.D. Mich. 2016) ("fraudulent transfer claims may not be assigned by the Chapter 7 Trustee, as part of a settlement or a sale, or otherwise").

The Plaintiffs seek to pursue avoidance actions against the Defendant on their own behalf, and for their own pecuniary benefit. This runs counter to the statutory purpose of the empowerment of trustees to avoid certain transfers. Thus, they lack standing to pursue

9
Case 3:20-ap-90027    Doc 12    Filed 06/12/20    Entered 06/12/20 13:20:19    Desc Main
Document      Page 9 of 14

this adversary proceeding. And lest the Plaintiffs accuse the Defendant for sleeping on his rights by not objecting to the § 363 motion that transferred the causes of action to the Plaintiffs, the Defendant notes that "[s]tanding is a component of subject matter jurisdiction that may be challenged at any time during the proceeding." *In re Foster*, 516 B.R. 537, 544 (BAP 8th Cir. 2014) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). "Thus, Defendants may raise this dispositive issue even after failing to object to the settlement when it was entered." *Cedar Rapids Lodge & Suites, LLC v. Seibert,* 2018 U.S. Dist. LEXIS 47912, *27 (D. Minn. 2018) (citing *Foster*, 516 B.R. at 544).

Only the bankruptcy trustee may pursue Chapter 5 avoidance actions. The Plaintiffs lack standing to bring this suit. As such, the Complaint (and all seven of its counts) must be dismissed.

### B. THE PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

The D.C. Bankruptcy Court has already determined that Max Salas is the owner of the Property and that he is entitled to a homestead exemption in the Property. Complaint ¶ 38. The Complaint filed in this matter is nothing more than an attempted end-run around the prior D.C. Bankruptcy Court's holding that Max Salas is the owner of the Property. The Plaintiffs now ask this Court to do what the D.C. Bankruptcy Court would not do – find that the property *should* belong to Len Salas and that it *should not* be subject to a homestead exemption in favor of Max Salas. As this Court has already remarked in prior hearings, it is not this Court's duty to second-guess other courts' decisions on this issue.

Backed into the corner by the D.C. Bankruptcy Court's finding that the Defendant is the owner of the Property by virtue of the July 2010 transfer, the Plaintiffs have no choice but to seek to undo the 2010 transfer of the Property via § 544, § 548 or (inexplicably) §

549.[1] There is only one problem: the allegedly fraudulent transfer which Plaintiffs want to set aside occurred in 2010, five years before the Plaintiffs were creditors of the Debtor, six years before the allowable "look-back" period for fraudulent transfers under D.C. law, and eight years before the allowable "look-back" period under 11 U.S.C. § 548. Thus, even if the July 2010 transfer was an otherwise avoidable fraudulent transfer, and even if the Plaintiffs had standing to challenge that transfer under § 544 or § 548 (which they do not), the statute of limitations for setting aside the 2010 transfer has long since passed.

The Plaintiffs first seek to avoid the transfer of the Property by the Debtor to the Defendant in July 2010 based on various provisions of 11 U.S.C. § 544. This section of the Bankruptcy Code allows a bankruptcy trustee (but not the Plaintiffs) to assume the position of various types of creditors, and to pursue any state court actions that those creditors might otherwise own. Section 544 creates no independent basis for a recovery but, instead, directs the Court to examine state law causes of action. Paragraphs 68 through 72 of the Complaint correctly cite to the only relevant state law, the D.C. fraudulent transfer statutes found in D.C. Code § 28-3104, *et seq.* However, the Complaint omits an important code provision, D.C. Code § 28-3109:

> A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought: (1) Under section 28-3104(a) within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligations was, or could reasonably have been discovered by the claimant; (2) Under section 28-3104(a)(2) or section 28-3105(a), within 4 years after the transfer was

---

[1] The Plaintiffs make vague reference throughout the Complaint to a later, but undefined, transfer. For example: "If the transfer of Len's interest in the Property was not made or perfected until after the commencement of Len's Bankruptcy, such transfer is a post-petition transfer avoidable and recoverable under Code § 549." Complaint ¶ 75. The Plaintiffs do not, however, cite any facts in the Complaint to establish a date of transfer other than July 2010.

made or the obligation was incurred; or (3) Under section 28-3105(b), within 1 year after the transfer was made or the obligation was incurred.

The Complaint makes clear when the transfer occurred and when, at the very latest, the Plaintiffs had actual knowledge of the transfer. The transfer occurred, according to the averments in the Complaint, in July 2010. Complaint ¶¶ 21-22; 38. The Complaint admits that the Plaintiffs had actual knowledge of that transfer by "early 2018", more than two years prior to the filing of this Complaint. Complaint ¶ 33. Using dates from the Plaintiffs' Complaint, the absolute latest that the Complaint could have been filed, in accordance with D.C. law, was "early 2019"; the Complaint was filed in March 2020. Therefore, all causes of action raised pursuant to 11 U.S.C. § 544 are barred by the D.C. statute of limitations for fraudulent transfers.

The Complaint's causes of action are likewise barred by the statute of limitation included in 11 U.S.C. § 548(a)(1), which provides:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition. . . .

The petition in this case was filed on April 18, 2018. Under § 548, the most remote date that this Court could look back to set aside a fraudulent transfer would be April 18, 2016. This conveyance occurred, by the Plaintiff's own admission, in July 2010. Therefore, the transfer of property from the Debtor to the Defendant cannot be set aside pursuant to § 548 of the Bankruptcy Code.

The applicable statute of limitations strike Counts I, II, III, IV, and V (even if the Plaintiff otherwise had standing to pursue them). Count VI contains a cause of action to

12
Case 3:20-ap-90027  Doc 12  Filed 06/12/20  Entered 06/12/20 13:20:19  Desc Main
Document  Page 12 of 14

avoid a post-petition transfer, which is clearly inapplicable since the D.C. Bankruptcy Court has already ruled that the transfer occurred in July 2010. *See* Complaint ¶ 38. Count VII, a cause of action pursuant to § 550, does not give rise to any affirmative relief on its own; rather, § 550 provides that the Court may order the turnover of property, or the value of such property, avoided under other sections of the Bankruptcy Code.

Because the alleged transfer occurred well outside of the relevant statute of limitations, all counts of the Complaint must be dismissed.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, the Defendant respectfully submits that this Court should dismiss the entire Complaint with prejudice under Rule 12(b)(1) and/or 12(b)(6), because the Plaintiffs lack standing to pursue this adversary proceeding and, even if they were allowed to proceed, all of their causes of action are barred by the applicable statute of limitations. The Defendant also respectfully requests for such other and further relief as the Court deems necessary and appropriate under the circumstances.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel.   615.465.6000
Fax.   615.807.3048
Phillip@thompsonburton.com

Counsel for the Defendant

# CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing document has been served this 12th day of June, 2020, upon all parties of record requesting notice through the Court's electronic filing system, and by United States mail to:

| | |
|---|---|
| Philip J. McNutt | Taylor A. Cates |
| Law Office of Philip J. McNutt, PLLC | Burch, Porter & Johnson, PLLC |
| 11921 Freedom Drive, Suite 584 | 130 North Court Avenue |
| Reston, VA  20190 | Memphis, TN  38103 |

                                            /s/ Phillip G. Young, Jr.
                                            Phillip G. Young, Jr.