# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| In Re: ) <br> ) <br> Len Salas, ) <br> ) <br>     Debtor. ) <br> _____) <br> ) <br> Nicolaas Brekelmans and Gail Gregory ) <br> Brekelmans, Co-Personal Representatives ) <br> of the Estate of Nina Brekelmans ) <br> ) <br> and ) <br> ) <br> Michael McLoughlin and Martha ) <br> Johnson, Co-Personal Representatives ) <br> of the Estate of Michael Patrick ) <br> McLoughlin, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Max Salas, ) <br> ) <br>     Defendant. ) | Case No. 3:18-bk-02662 <br> Chapter 7 <br> Judge Harrison <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Ad Pro No. 3:20-ap-90027 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR AMEND UNDER FED. R. BANKR. P. 9023

COMES NOW Defendant Max Salas (the "Defendant"), by and through counsel, and respectfully submits this response (the "Response") to the Plaintiffs' Motion to Alter or Amend under Fed. R. Bankr. P. 9023 (Doc. 104) (the "Motion") filed by Plaintiffs Nicolaas Breklmans and Gail Gregory Breklmans, Co-Personal Representatives of the Estate of Nina Brekelmans, and Michael McLoughlin and Martha Johnson, Co-Personal

Representatives of the Estate of Michael Patrick McLoughlin (the "Plaintiffs"). In support thereof, the Defendant states as follows:

A party's disagreement with the outcome of a hearing, the Court's analysis of facts, and/or the Court's application of the law to those facts does not constitute grounds to alter or amend a judgment pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59. Rather, as correctly noted in the Plaintiffs' Motion, the movant must show that there is: a clear error of law; newly discovered evidence; a change in controlling law; a need to prevent manifest injustice; the court "clearly" overlooked material facts; or the court "clearly" overlooked controlling law. *O'Connor v. Lampo Grp., LLC,* 2021 U.S. Dist. LEXIS 204079, at *304 (M.D. Tenn. 2021). Again, as correctly noted by the Plaintiffs in the Motion, this is an "exacting standard" and an "extraordinary remedy restricted to those circumstances in which the moving party has set forth facts or law of a ***strongly convincing*** nature that indicate that the court's prior ruling should be reversed." *Memphis A. Phillip Randolph Inst. v. Hargett,* 485 F. Supp. 3d 1003, 1004 (M.D. Tenn. 2020) (emphasis added).

While the Plaintiffs cite the correct standard of review under Bankruptcy Rule 9023 and Rule 59, they then completely ignore that standard, choosing instead to once again summarize, over 18 pages, the exact same law and issues they have already argued at length before this Court and briefed over 150 collective pages in their briefs located at Docket Nos. 74, 79, 92, 95, and 100. The Plaintiffs' Motion does not cite to any particular element that they believe the Court "clearly overlooked"; instead, they restate their entire argument (including a host of completely irrelevant facts). In essence, the argument posited by the Plaintiffs in their Motion is, "Judge Harrison, you must have overlooked

every fact and legal argument we put forward or else you would have obviously ruled in our favor."

The Motion does not come close to stating a valid basis for altering or amending the Court's prior order[1] and should be denied without putting the Defendant through the time and expense of appearing for yet another extended hearing. This case needs to be set for a trial instead of wasting the Court's resources on hearing a meritless motion to alter or amend.

WHEREFORE, for the above and foregoing reasons, the Defendant respectfully submits that this Court should summarily deny the Plaintiffs' Motion to Alter or Amend Under Fed. R. Bankr. P. 9023. The Defendant also respectfully requests for such other and further relief as the Court deems necessary and appropriate under the circumstances.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel.   615.465.6000
Fax.   615.807.3048
Phillip@thompsonburton.com

Counsel for the Defendant

---

[1] The brevity of this Response is indicia of the lack of the Motion's basis; there is no response needed other than "see Defendant's other briefs in this case," which the Defendant hereby incorporates by reference. *See* Doc. Nos. 75, 91 and 94.

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing document has been served this 21st day of June, 2023, upon all parties of record requesting notice through the Court's electronic filing system, and by United States mail to:

| | |
|---|---|
| Philip J. McNutt | Taylor A. Cates |
| Law Office of Philip J. McNutt, PLLC | Burch, Porter & Johnson, PLLC |
| 11921 Freedom Drive, Suite 584 | 130 North Court Avenue |
| Reston, VA  20190 | Memphis, TN  38103 |

                                                  /s/ Phillip G. Young, Jr.
                                                  Phillip G. Young, Jr.